[L. A. No. 2740.   Department One.—November 19, 1910.]

In the Matter of the Estate of JULIA ANN KILBORN, Deceased. WILL D. GOULD, Executor of the last Will of Julia Ann Kilborn, Deceased, Appellant, v. MARY WOODMAN KILBORN, Respondent.

WILL—REVOCATION OF PROBATE—ALLEGATION OF MENTAL UNSOUNDNESS.—A petition to revoke the probate of a will is sufficient if it alleges that at the time the testatrix made and subscribed the will she was not "of sound mind or memory, or in any respect capable of making a will." It is not necessary to aver more particularly the character of the insanity. Such a petition is not demurrable for failure to state facts sufficient to constitute a contest for revocation of the will.

ID.—UNDUE INFLUENCE HOW PLEADED.—It is not necessary to aver that the testator was *not* acting under undue influence, in order to revoke the probate of a will. If undue influence is relied on as ground for revocation, it is necessary to allege that the testator *was* acting under undue influence, stating the facts constituting it, and was thereby caused to execute the will.

ID.—UNCERTAINTY IN PETITION FOR REVOCATION—DEMURRER—DEFECT CURED BY VERDICT.—Trivial elements of uncertainty in a petition to revoke the probate of a will on the ground of undue influence, to which a demurrer was interposed and overruled, will be deemed cured by the verdict annulling the probate, where the contest was tried on the merits on such issue, and the proponent of the will was not under any misapprehension with regard to the facts to be offered against him, nor in any wise misled by the uncertainty.

ID.—JURY TRIAL OF CONTEST—RECITAL IN DECREE.—A recital in the decree of revocation, that "a jury having been demanded and ordered by the court, was impaneled and sworn and proceeded to try the issues," should be construed, in the absence of evidence to the

CLVIII Cal.—38

contrary, as meaning that the court ordered a jury trial in compliance with the demand of one or the other of the parties.

ID.—FAILURE TO OBJECT TO JURY TRIAL ORDERED BY COURT—APPEAL.—A party to the contest, who failed to object in the court below to a jury trial ordered by the court of its own motion, cannot avail himself of that objection on appeal.

ID.—FAILURE TO SUBMIT ISSUES TO JURY—INSUFFICIENCY OF EVIDENCE—NONSUIT—RECITAL IN DECREE.—A recital in the decree of revocation that the issues other than those relating to undue influence were not submitted to the jury because there was not sufficient evidence to justify such submission, was equivalent to a nonsuit as to such other issues. Such ruling, being in favor of the proponent of the will, cannot be complained of by him. In the absence of anything to show that the recital as to the evidence is not true, the appellate court must accept it as a fact.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

James H. Blanchard, and Will D. Gould, for Appellant.

James G. Maguire, for Respondent.

SHAW, J.—This is an appeal from an order revoking the probate of an alleged will of Julia Ann Kilborn, deceased, and the letters testamentary thereon, issued to Will D. Gould, who was named in the will as executor. Gould appeals as executor and also in his own right. The appellant relies solely on matters appearing on the face of the record, the evidence and proceedings on the trial not being presented.

The petition to revoke the probate alleged that at the time of the execution of the will the said Julia Ann Kilborn was not of sound mind, that it was not executed in the manner prescribed by law and that it was procured by the fraud and undue influence of Will D. Gould and Mrs. O. F. Sawyer, one of the subscribing witnesses thereto. The cause was tried by a jury and a verdict returned to the effect that the execution of the will was obtained by the exercise of undue influence by Mr. Gould and Mrs. Sawyer, acting jointly.

The first point urged by the appellant is that the court erred in overruling his demurrer to the petition to revoke. The demurrer is based in part upon the ground that the petition is

uncertain in that it does not set forth any facts showing that the testator was not of sound and disposing mind and memory and *not* acting under duress or menace or fraud, or undue influence of any person whatever, at the time she made the will. The petition alleges that at the time the testator made and subscribed the will she was not "of sound mind or memory, or in any respect capable of making a will." This is a sufficient allegation of the ultimate fact. It is not necessary to aver more particularly the character of the insanity. (*Estate of Gharky,* 57 Cal. 279.) As to the allegations relating to undue influence, we need only say that it is not necessary to aver that the testator was *not* acting under undue influence, in order to revoke probate of the will. If it is relied on as ground for revocation, it is necessary to allege that the testator *was* acting under undue influence and was thereby caused to execute the will, stating the facts. The insertion of the word "not" in the demurrer may be a clerical error. It is not explained or excused by the appellant. We might disregard it if good reason appeared and a meritorious case was presented. But the case was tried on the merits on the issue of undue influence alone. The appellant was not under any misapprehension with regard to the facts to be offered against him, nor in any wise misled by the uncertainty in this respect. The pleading is not a model, but the facts are stated with considerable detail, though not with great skill, and we are disposed to treat the demurrer according to its literal meaning. Even if we treated it otherwise, the defect in the complaint, if any, is so insignificant, that it should be deemed cured by the verdict.

With respect to the contention that the petition does not "state facts sufficient to constitute a contest for revocation of said last will," it is sufficient to say that the averment that the testator was not of sound mind when she made the will, in connection with the other formal allegations, concerning which there is no question, is all that is necessary to answer this ground of demurrer. (*Estate of Gharky,* 57 Cal. 279.)

Appellant further urges that the court below erred in ordering a trial by jury of its own motion. The only evidence in the record to show that it did so is the recital in the decree of revocation, as follows: "A jury having been demanded and ordered by the court, was impaneled and sworn and proceeded

to try the issues." The natural meaning of these words is that the court ordered a jury trial in compliance with the demand of one or the other of the parties. As error must be shown and is not presumed, we cannot presume that this language was intended to express other than its ordinary and obvious meaning. Furthermore, it does not appear that the appellant objected to a trial by jury, and he cannot avail himself here of an objection of that character not made in the court below.

The decree recites that the issues other than those relating to undue influence were not submitted to the jury because there was not sufficient evidence to justify such submission. This was the equivalent of a nonsuit as to these other issues. It was a ruling in favor of the appellant of which he cannot complain. In the absence of anything to show that the recital as to the evidence is not true we must accept it as a fact.

The above are the only points urged by the appellant as ground for reversal. They are obviously without substantial merit.

The judgment is affirmed with costs.

Angellotti, J., and Sloss, J., concurred.