## JULIUS J. OSTLUND, Petitioner and Respondent, v. CHRISTINE ECKLUND, Respondent and Appellant.

(176 N. W. 350.)

**Wills — question as to witnessing of will in presence of testatrix for the jury.**

In an action brought to revoke the probate of a will on the ground that it was not properly executed, where the evidence showed that the testatrix, a woman eighty-one years of age, signed the purported will by mark the day before her death; that she did not request the witnesses to sign; that they attached their signatures in a room not immediately adjacent to that in which the testatrix was lying; and that the testatrix was facing the opposite direction and could not readily, in her then position and condition, have observed the act of attestation; it is *held:*

1. That the evidence is at least sufficient to form a question of fact for the jury as to whether or not the will was witnessed in the presence of the testatrix.

**Wills — contesting on ground of newly discovered facts.**

2. Where it appeared that the petitioner had been interested in a prior attempt to contest the probate of the will, but did not discover the facts with reference to the attestation until after the will was probated, he is not precluded from petitioning on the ground of the newly discovered facts.

**Wills — declarations shortly before making will not admissible where will is contested on the ground that it was not executed as required by statute.**

3. Where a will is contested on the ground that it was not executed in the

manner required by statute, it was not error to exclude declarations of intention made two hours before the purported will was executed.

**Wills — questioned verdict — judgment based on special finding.**

4. Where a special verdict finds a fact which is conclusive against the validity of the will, it is sufficient to support a judgment revoking the probate of the will, and the proponent of the will is not prejudiced by the failure to submit other questions.

Opinion filed January 3, 1920. Rehearing denied January 30, 1920.

Appeal from district court of Cass County, *Cole,* J.

Affirmed.

*Augustus Roberts* and *Lyman N. Miller,* for appellant.

In the contest of a will after probate, the burden of proof is upon the contestant to establish the ground upon which he relies, whether it be the insanity of the testator, the exercise over him of undue influence, or the nonexecution of the will. 1 Ross, Prob. Law & Pr. p. 276; McKenna's Estate, 143 Cal. 58, 77 Pac. 461; Dole's Estate, 147 Cal. 188, 81 Pac. 534; Nelson's Estate, 132 Cal. 182, 64 Pac. 294; Latour's Estate, 14 Cal. 414, 74 Pac. 441; Higgins v. Nethery, 30 Wash. 239, 70 Pac. 489; Comp. Laws 1913, § 9649.

"The court, in weighing the testimony of an interested party, is not bound to accept his statements, even though uncontradicted, if they do not bear the stamp of credibility." Quock Ting v. United States, 140 U. S. 417, 421, 35 L. ed. 501, 502, 11 Sup. Ct. Rep. 733, 734, 851; Keene v. Behan (Wash.) 82 Pac. 885; Gosline v. Dryfoes (Wash.) 88 Pac. 634; Union Invest. Co. v. Rosenwig (Wash.) 139 Pac. 874.

The declarations, made within two hours prior to the execution of the instrument by the testatrix, are a part of the *res gestæ* and should have been admitted by the trial court to show the mental condition of the testatrix at the time she executed the will. 1 Alexander, Wills, last ed. p. 49.

*John G. Pfeffer* for petitioner.

BIRDZELL, J. This is an appeal from a judgment and from an order denying a motion for a judgment *non obstanto* or for a new trial. The action originated in the county court of Cass county and was brought upon petition for the purpose of securing the revocation of the probate of a will. Upon the trial in county court an order was entered revoking the probate, canceling the testamentary letters previously issued, and

granting letters of administration to the petitioner and respondent. An appeal was taken from the county court to the district court and upon trial had before a jury a special verdict was rendered as follows:

Q. 1. "Did the said Mary Westlund (the deceased), at the time she signed said instrument declare to the attesting witnesses that the instrument was her will? Yes."

Q. 2. "Did the attesting witnesses sign said document in the presence of said Mary Westlund? No."

Upon this verdict the district court entered a judgment sustaining the order of the county court.

The facts appearing in the record are as follows: Mary Westlund died February 9, 1917, being at the time about eighty-one years of age. On the day prior to her death she executed a document purporting to be her last will and testament. She had been ill approximately one week and was in a weak and helpless condition. On the day previous to her death, Christine Ecklund, a niece, arrived at her residence to minister to her wants. About 6 o'clock in the afternoon of that day (February 8, 1917) one C. O. Larson brought to the deceased for her signature the document in question. It appearing that the deceased was unable to readily understand English, Larson attempted to explain it in the Swedish language. As there was still difficulty in communicating the explanation, the deceased mentioned the name "Envig" as an indication that the document should be handed to a person by that name who was present. It was then handed to Envig who was an old acquaintance with whom the deceased had transacted business. He took it, went to the other side of the bed, and asked the deceased in Norwegian: "Do you want to give it to Christine?" to which the deceased replied "Ya." She then made her mark on the document. Following this there was some further talk in English among those who were present in the sick room and then they went to the kitchen where the witnesses affixed their signatures to the purported will. These facts will be considered in greater detail in the discussion of the questions presented on this appeal.

The appellant raises four main questions:

(1) It is contended that the evidence is insufficient to show that the will was not signed by the attesting witnesses in the presence of the deceased.

(2) That the evidence is insufficient to show that the petitioner, Ostlund, did not have knowledge of the facts set forth in his petition prior to the admission of the will to probate.

(3) That the court erred in refusing to admit declarations of the deceased relative to testamentary intention, made some two hours before the document was executed.

(4) That the special verdict is not sufficient.

We are of the opinion that the evidence in this case is at least sufficient to form a question of fact for the jury as to whether or not the subscribing witnesses signed in the presence of the deceased. The rough sketch below indicates the position of the testatrix relative to the table used by the witnesses in subscribing their names. The "X" in the corner of the bed indicates approximately the position of the head of the testatrix and the "X" on the kitchen table the location of the witnesses when signing the will.

FIGURE.

There is a conflict in the testimony as to whether the door between the kitchen and the living room was open sufficiently to give a clear view from the corner of the bed to the kitchen table, but the witnesses are agreed that the stove stood at the place indicated which is directly in the line of vision from the bed to the kitchen table. Furthermore, it appears that the deceased was facing north and in her condition, as described by the various witnesses, she could not well have observed what was going on behind her at such a distance. The jury could fairly infer from all of the circumstances that the witnesses were not in her conscious or mental presence at the time they signed as witnesses to the will. It is significant, too (though the contest is not based on this ground), that there is no testimony in the record that the deceased requested anybody to sign the document as a witness. We are of the opinion that on all of the evidence the jury might well have found not only that the witnesses did not sign in the presence of the testatrix, but that she was not aware of the fact that the will was being witnessed at all.

The only testimony in the record with reference to the time when Ostlund, the petitioner, first obtained knowledge of the facts set forth in his petition with regard to the manner in which the will had been executed, is the testimony of Ostlund himself, and in this it appears that while he had been instrumental in encouraging an earlier inquiry into the disposition of the property of his deceased aunt, he had not, in fact, learned the circumstances in which the will was executed until after it was admitted to probate.

As to the contention that the court erred in refusing to admit declarations of the deceased relative to her testamentary intention, it need only be said that the will is not contested here on the ground of lack of testamentary capacity, nor on any other ground which would make declarations of intention prior to the execution of the will material. It was sought merely to show what the deceased had stated some two hours before the will was executed at the time she called Envig presumably for the purpose of having the will drafted. There is no contention that the will does not conform to what ever intention may be deduced from the declarations sought to be established. The contest is on the ground that the will was not executed in the manner required by statute. Comp. Laws 1913, § 5649. Neither were these declarations so

closely connected with the act of execution as to be part of the *res gestæ* of that act. Even if they be so considered, however, they do not tend in the least degree to supply the essentials that the lacking to constitute a due execution; so their exclusion would be nonprejudicial.

The appellant's contention that the special verdict is not sufficient is without merit for the reason that the answer to question No. 2 is decisive of the issues raised by the petitioner. If the witnesses did not sign the document in the presence of the testatrix the document is not legally the last will and testament of the deceased and it would be the duty of the court to enter a judgment for the petitioner based upon the answer to this question alone. In brief, the special verdict is sufficient to support the judgment. The jury was properly instructed as to the meaning of the term "presence" used in the question, and, under the evidence, the jury's verdict is conclusive in petitioner's favor.

For the foregoing reasons the judgment and order appealed from are affirmed.