[File No. 6191.]

SECURITY NATIONAL BANK OF TAYLOR, NORTH DAKO-
TA, a Corporation, Respondent, v. H. W. BRADEMEYER,
Appellant.

(250 N. W. 22.)

Opinion filed August 10, 1933.

*Simpson, Mackoff & Kellogg,* for appellant.
*Otto Thress,* for respondent.

PER CURIAM. This is an appeal from an order overruling a demur-
rer to plaintiff's complaint. At the threshold of the case we are met
with a motion by the plaintiff for a dismissal of the appeal.

The material facts are: The demurrer came on for argument June
9, 1933. After the hearing, the court made an order overruling the
demurrer and permitting the defendant to answer within nine days
after the service of the order. On June 16, 1933, counsel for the
respective parties entered into a written stipulation whereby the time
for answer allowed by the court in its order was extended up to and in-
cluding July 1, 1933. On June 27, 1933, the defendant took an ap-
peal from the order. The appeal was perfected June 30, 1933.

The motion to dismiss the appeal is based upon the ground that the
defendant, by obtaining the stipulation for extension of time to an-

swer, recognized the validity of the order, in effect abided thereby, and, hence, waived the right to appeal.

The motion to dismiss must be granted. So far as the record shows the stipulation extending the time in which to answer was not accompanied by any declaration or reservation of the right of appeal.

It is a general rule that if a person voluntarily acquiesces in or recognizes the validity of a judgment, order or decree, he thereby impliedly waives the right to have such judgment, order or decree, reviewed by an appellate court. 3 C. J. 665.

Corpus Juris says:

"As a general rule, if a party, after an order or judgment upon demurrer to pleadings is given against him, under leave of court, amends the pleading demurred to, he acquiesces in the judgment or order upon the demurrer, and will not be permitted to appeal therefrom, or, unless an exception is duly saved, to assign it for error in the appellate court, or to appeal from the conditions imposed; and the same principle applies where a pleading is amended after a ruling on a motion to strike or for a more specific statement." 3 C. J. 667.

"Although there are decisions to the contrary in some jurisdictions, the general rule is that a defendant, by answering over after his demurrer to the bill, declaration, or complaint has been overruled, or a plaintiff by replying after his demurrer to the answer has been overruled, is considered as having acquiesced in the decision and cannot afterward maintain an appeal or proceeding in error to review the same or to assign the ruling as error on appeal or error from the final judgment, except where the pleading fails to state a cause of action or defense." 3 C. J. 668.

The rule announced in Corpus Juris seems wholly applicable here. We see no distinction in principle between the facts involved in this case and the case as it would have been if the defendant, instead of obtaining the stipulation, had interposed an answer.

The only reason that could have existed for making the stipulation was that the defendant desired to avail himself of the provision in the order permitting him to answer. Appeal dismissed.

NUESSLE, Ch. J., and BURR, BIRDZELL and BURKE, JJ., concur.