[File No. 6269.]

MARY BENDER, Respondent, v. GOTTLIEB BENDER et al., Appellants.

(256 N. W. 222.)

Opinion filed August 14, 1934.

*Austin & Lougheed,* for appellants.
*Hugo P. Remington* and *I. A. Mackoff,* for respondent.

BURR, Ch. J.   February 5, 1927 Jakob Bender and Maria Doerr, in contemplation of marriage, entered into an ante-nuptial agreement wherein Maria Doerr, now Mary Bender, the first party agreed to accept $5.00 down and $1,000.00, to be paid to her upon the death of Jakob Bender, the second party "in lieu of any property rights or claims she might become possessed of thru becoming the wife of said first party, or should she become his widow thru his death. . . . It is further provided that in event of death of first party before the death of second party that second party shall enjoy unmolested the use of the home and its furniture and furnishings as long as she remain a widow and does not remarry."

Both parties had been married before.   After signing the agreement the parties intermarried living together as husband and wife until May 1, 1932, at which time Jakob Bender died.

Jakob Bender left a will by the terms of which he bequeathed and devised all his property to his children by his former wife, and the executors qualified.

On May 3, 1932, plaintiff and the beneficiaries under the will entered into a contract wherein it was recognized that the plaintiff was entitled to $1,000.00 under the ante-nuptial agreement referred to, and by the terms of the contract.   The plaintiff agreed "in consideration of the acceptance of said One Thousand Dollars, in lieu of her widow's share of said estate, and in further consideration of Two Hundred Dollars, to be paid to said first party by said second parties, jointly, from their share of said estate, on or before May 1st, 1933, said party of the first part hereby agrees to the probate of said will in keeping with the terms thereof, and further agrees to vacate her homestead rights to the property of said Jakob Bender, deceased, and agrees that she will ask for, or receive, no widow's exemption or homestead rights or moneys from said estate of Jakob Bender, deceased."

On October 24, 1932, the plaintiff made application for exemptions which she claimed as the widow of the decedent, and asked the county

court to set aside to her "money and other property in the value of $2,000.00" out of the estate of her deceased husband.

The county court denied the application. On appeal the district court reviewed the decision, ordering the court to set "aside to the petitioner as exemptions the sum of $1,500.00 out of the funds of the said estate and ordering and directing the respondent executor to forthwith pay over to the petitioner the said sum of $1,500.00—."

From "this decision order and judgment and the whole thereof this appeal is taken."

An ante-nuptial agreement concerning and respecting the individual and respective property of the parties about to be married will be upheld (Swingle v. Swingle, 36 N. D. 611, 162 N. W. 912) ; but such an agreement does not prevent the widow from claiming the exemptions required to be set aside to her under the provisions of section 8725 of the Compiled Laws. Herr v. Herr, 45 N. D. 492, 178 N. W. 443. The plaintiff's right to exemptions as a widow "is not in the nature of an interest in the property, but is a preferred claim against the estate of the decedent which may or may not be available to claimant according to the circumstances." Fisher v. Fisher, 53 N. D. 631, 635, 207 N. W. 403.

By her ante-nuptial agreement plaintiff waived any right to claim an interest in the property of the estate; and failure to make provision for her in the will is thus accounted for.

It is the claim of the defendants that the plaintiff, with full knowledge of her rights, and of her own free will and acknowledgment and consideration of the payment to her of two hundred dollars in money waived her right to exemptions. Plaintiff claims in effect that she was merely signing a contract to permit the will to be probated and the executors to qualify; that she was surrendering her right to live in the homestead; that it was not explained to her that she was waiving exemptions, that she did not know she was entitled to exemptions, and had no thought of waiving them or that she knew she was entitled to exemptions in this estate.

While the findings of the district court are contrary to the findings in the county court, in regard to the knowledge of the plaintiff, this appeal is from the decision of the district court. Thus the findings of the district court are entitled to the weight and consideration attached

to the findings of the trial court, though contrary to the findings of a lower court who saw and heard the witnesses.

There is evidence showing that plaintiff had claimed exemptions in the estate of Jakob Bender's predecessor, and it is urged that therefore she knew all about her right to exemptions.

The record shows the estate of Jakob Bender consisted of over $25,000.00 cash in bank, 120 acres of land, the homestead, household furniture and other personal property. While it is conceivable that plaintiff knew she was entitled to $1,500.00 exemptions and considered herself morally bound not to take more from the estate than $1,000.00 due her under the ante-nuptial agreement, yet the evidence is such that leads us to believe the $200.00 she agreed to take was considered by her as the price of her surrendering the homestead and was not intended by her to be a sale of her exemptions out of the personal property. There is testimony showing she was told she could remain in the house or remove as she saw fit; and if she saw fit to leave she would get an additional $200.00 for any claim she had in the estate. Her testimony is to the effect that while not planning to leave and while she was given the option of remaining in the house or leaving, she decided to surrender the homestead upon the promise to pay her $200.00.

Apparently it was some months afterwards before she learned she was entitled to exemptions. While the evidence is in dispute we are not prepared to say that the trial court erred in its findings. It is true that after removal she went to live with her son and thereafter made her claim for exemptions. The trial court was satisfied that this woman, who could not read English, who claimed she heard nothing about exemptions, did not know the instrument contained a reference thereto, and had no thought of selling or disposing of her exemptions. There is ample evidence to support such findings and so the judgment is affirmed.

BURKE, NUESSLE, MOELLRING and CHRISTIANSON, JJ., concur.