[File No. 6448.]

IN THE MATTER OF THE ESTATE OF HERMAN STARKE,
Deceased.

MOLLIE STARKE, Respondent, v. PAULINE STARKE et al.,
Respondents,

and

GERTRUDE SCHWIRTZ, Also Known as Gertrude Schwartz, and
William Kocher, Appellants.

(271 N. W. 131.)

Opinion filed January 16, 1937.

*Hanchett, Sproul & Sad, George G. Chapin* and *Luke B. Henry,* for appellants.

*Paulson & Pearce,* for respondents.

Burr, J. The will of Herman Starke was admitted to probate after contest. Appeal was taken to the district court. The jury found in favor of the proponents, and contestants appeal.

As stated by appellants, there is but one issue in this appeal—was the will of Herman Starke subscribed and attested as required by law so as to entitle it to admission to probate?

The following facts are conclusively established. Herman Starke determined to make a will. He asked A. P. Paulson to draft it and to write his name as testator. Paulson wrote the name Herman Starke in the proper place for the subscription to the will. The will was thus signed by the testator in his presence and in the presence of Paulson and Dr. Macdonald and, at testator's request, Paulson and Dr. Macdonald signed the will in his presence and in the presence of each other as witnesses thereto. In an excess of caution Paulson, as scrivener, had the testator place a cross within his signature almost immediately after it was written by Paulson and as part of the transaction.

Appellants claim that the execution and attestation are defective in:

### I.

"If the testator intended to finally authenticate the instrument at all, he intended to subscribe the instrument by mark and not otherwise.

### II.

"Subscription by mark is fatally defective because the name of the person who wrote the testator's name does not appear as a witness to the mark, and there is no one who signed as a witness to the mark.

### III.

"The face of the Will does not show who wrote the testator's name.

## IV.

"If the Will is subscribed by Herman Starke or by someone for him at his request, there are not two attesting witnesses."

Our law is clear as to the requirements for execution and attestation. Section 5649 of the Compiled Laws provides, among other things, that the will "must be subscribed at the end thereof by the testator himself, *or some person in his presence and by his direction must subscribe his name thereto.*" The testator did not write his name, but it is conclusively proved the testator directed Mr. Paulson to subscribe the name Herman Starke at the end of the will. This was done in the presence of the testator.

Section 5651 of the Compiled Laws provides that, "a person who subscribes a testator's name by his direction must write his own name as a witness to the will. But a violation of this section does not affect the validity of the will."

The fact is established that Mr. Paulson, who subscribed Herman Starke's name under his direction, did write his own name as a witness to the will. It is true that the statement, "I, A. P. Paulson, wrote Herman Starke's name at his direction" or one of similar import nowhere appears in the instrument; but the statute does not require this, and thus there are two attesting witnesses.

It is claimed that everything connected with the signature must appear on the face of the will, that it is conclusively shown Herman Starke did not write his own name, that there is nothing on the face of the will to show who wrote his name, and therefore the will is not properly executed. In support appellants cite Warwick v. Warwick, 86 Va. 596, 10 S. E. 843, 6 L.R.A. 775.

There is no merit in this contention. On its face the will purports to be signed by the testator and the attestation by the subscribing witnesses is according to law. One must go beyond the instrument to learn the signature is not in testator's handwriting. His testamentary intent—that is, that he intended the instrument to be a will—must be shown by the instrument itself. Resort can not be had to parol testimony to establish an intent to make a testamentary disposition of his property. It must be established by the language of the instrument itself. Montague v. Street, 59 N. D. 618, 231 N. W. 728. This also is the holding of the Virginia Case relied upon by appellants. This

case involved a holographic will and holds: "The signing required by the statute must manifestly appear to be intended as a signature from the face of the instrument, which must appear, by internal evidence, equally convincing as the signing at the foot or end; that it must be manifest."

The wording of the will began, "I, Abraham Warwick Jr. . . . declare this to be my last will and testament" etc., and it was urged this was a sufficient signature. But the instrument showed no signature..

In the case at bar the testamentary intent does appear in the instrument, and on the instrument itself we find what purports to be a signature. Yet it must be proved. Clearly it is intended as a will—the question being as to its execution. Extrinsic evidence is necessary for this purpose in all cases. Our law requires proof of the due execution of a will before it is admitted to probate, even where there is no contest. It does not accept the will on its face but to prove due execution it requires extrinsic evidence in the form of the testimony of at least one of the subscribing witnesses unless excused by the provisions of § 8642 of the Compiled Laws. The witnesses are required to testify as to the signature of the testator and as to their actions with reference to witnessing even though the will expressly states all of these facts. There are numerous cases in this jurisdiction involving the question of the due execution of a will. In Ouren v. Friswold, 55 N. D. 664, 215 N. W. 160, we set forth what is necessary for the proper execution of a will, and in this case cited evidence was received showing the circumstances under which the will was executed, just as in the case at bar.

Lack of signature of testator or of attesting witnesses or the lack of the attesting statements of witnesses required by statute can not be remedied by extrinsic evidence. In a will of the character of the one involved, such requirements are not mere formalities which may be waived. But here the face of the instrument shows no lack. The burden is upon the proponent to show that what appears to be a fulfilment of the statutory requirements is such in fact and he supplies this with proof outside of the instrument, for a will must be executed in accordance with the statutory requirements. Courts will not remedy defects in statutory requirements nor hold such requirements to

be mere formalities which may be waived. Re Taylor (Ross v. Taylor) 39 S. D. 608, 165 N. W. 1079. Proof may be furnished to show just how the testator signed the will—whether he signed it in person or had it signed by someone at his direction. It is a question of proof of execution rather than an interpretation of testamentary intent or remedying defects, and the Virginia case cited is not contrary.

Neither is there merit in the contention that the testator in fact intended to subscribe his name by mark, did subscribe by mark, and therefore the will must show the signature of someone "as witness to the mark," using this or equivalent expression. There is nothing in the record whatever to show that the testator determined to sign by a mark. The suggestion of a mark was made by the scrivener after the name of Herman Starke had been subscribed at the testator's direction. There is some question raised as to whether the mark was made before the witnesses signed or after. It certainly was made after Paulson signed the name of Herman Starke and this completed signature was on the will before the mark was made or thought of. There is nothing to indicate the testator intended to rescind his request to Paulson to sign the name of the testator and, "Where will is signed by request of testator and in his presence, the subsequent addition by him of his mark to the signature so made is superfluous. And whether such mark is added before or after the witnesses subscribed the will is not material, where the whole transaction is one continuous uninterrupted act, conducted and completed within a few minutes, while all concerned in it continued present, and during the unbroken supervising attesting attention of the subscribing witnesses." Rosser v. Franklin, 6 Gratt. 1, 52 Am. Dec. 97.

The judgment of the lower court is affirmed.

CHRISTIANSON, Ch. J., and BURKE, MORRIS and NUESSLE, JJ., concur.