IN THE MATTER OF THE ESTATE OF ROBERT J. McKEE, Deceased.

WILLIAM McKEE, JR., Durell McKee, Robert McKee, Jr., John McKee, Thomas McKee, Louis Rhodes, as Guardian of the Person and Estate of Sam McKee, an Incompetent Person, George McKee, Elsie McKee, et al., Appellants, v. C. S. BUCK, JR., as Acting Executor of the Alleged Last Will and Testament of Robert J. McKee, Deceased, and Anna J. McKee, Respondents.

(274 N. W. 601.)

Opinion filed July 22, 1937.

*Fredricks & Fredricks,* for appellant.

*Buck & Buck* and *Russell D. Chase,* for respondents.

NUESSLE, J. This proceeding to contest a will after probate was begun in the county court of Stutsman county. The respondents demurred to the petition on the ground that it failed to state facts sufficient to constitute a cause of action for a will contest. The demurrer was sustained by the county court. Thereupon the petitioners appealed to the district court of Stutsman county where the order of the county court sustaining the demurrer was affirmed. The petitioners then perfected the instant appeal from the order of the district court.

The petitioners bring this proceeding under the statute, § 8649, Comp. Laws 1913, which provides:

"When a will has been admitted to probate, any person interested therein may at any time, within one year after such probate, contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved, a sworn petition in writing containing his allegations, that evidence discovered since the probate of the will, the material facts of which must be set forth, shows:

. . . . . . . . . . . . . .

"2. That some jurisdictional fact was wanting in the former probate; or

"3. That the testator was not competent, free from duress, menace, fraud, or undue influence when the will allowed was made; or

"4. That the former will was not duly executed and attested.

. . . . . . . . . . . . ."

They challenge the probate and the validity of the will on the second, third and fourth grounds set forth in the statute. Their petition in that behalf, liberally construed, may fairly be said to set forth the following facts.

Robert J. McKee, a resident of Stutsman county, died on April 28, 1934. He left a considerable estate. He was never married and had no direct descendants. The petitioners are the surviving natural heirs at law and next of kin. None of them are residents of the state of North Dakota. Shortly after the death of the said Robert J. McKee, the respondents filed an instrument purporting to be his last will in the county court of Stutsman county, and presented a petition for its probate. Thereafter such proceedings were had that on December 24, 1934, the said will was admitted to probate and the respondent Buck duly qualified as executor therein. On the 4th day of October, 1935, a final decree was rendered and entered under which the estate of Robert J. McKee was vested in the respondent Anna J. McKee as legatee after paying the expenses incident to the probating of the estate. None of the petitioners was made a party to the probate proceeding and it is alleged that "no notice or citation of any kind was served upon any of them." The whereabouts, condition and existence of the petitioners were well known to the respondents Buck and McKee, or by the exercise of ordinary diligence should and could

have been known at the time of the presentation of the will for probate and during the proceedings thereafter had. Evidence discovered since the probate of the will shows that some time prior to the making of the will and continuously thereafter to the time of his death, Robert J. McKee was incompetent and of unsound mind and memory and so feeble and sick physically and mentally that he was not able to reason and will intelligently. The will was not subscribed at the end thereof by Robert J. McKee. His purported signature appearing there was not placed thereon in his presence and by his direction by another but affixed thereto by the respondent Buck of his own motion. Buck made a cross mark thereon and wrote the words "his mark" of his own motion and not at the request of McKee. The names of the witnesses appearing in the attestation clause at the bottom of the will were not placed there at the request of McKee. At the time they were written McKee had no conception of what was being done and was incapable of directing the witnesses to attest the same. A copy of the challenged will is attached to and made a part of the petition.

A proceeding for the probate of a will is in the nature of a proceeding in rem. State v. Nieuwenhuis, 43 S. D. 198, 178 N. W. 976; Carter v. Frahm, 31 S. D. 379, 141 N. W. 370; Tracy v. Muir, 151 Cal. 363, 90 P. 832, 121 Am. St. Rep. 117; Re Sicker, 89 Neb. 216, 131 N. W. 204, 35 L.R.A.(N.S.) 1058; Barrette v. Whitney, 36 Utah, 574, 106 P. 522, 37 L.R.A.(N.S.) 368; Weyant v. Utah Sav. & T. Co. 54 Utah, 181, 182 P. 189, 9 A.L.R. 1119; 1 Bancroft, Probate Pr. § 40. "A decree which grants the probate of a will is conclusive if the court had jurisdiction, unless reversed on appeal or vacated on a rehearing applied for within one year saving to minors and persons of unsound mind or otherwise incompetent a like period of one year after their respective disabilities are removed." Comp. Laws 1913, § 8650. Of course, § 8650, must be read in conjunction with §§ 8599, et seq., Comp. Laws 1913, which provide for appeals from a decree or from any order affecting a substantial right made by a county court to the district court of the same county, and section 8649, supra, which provides for the contesting of wills after probate. See Ostlund v. Ecklund, 45 N. D. 76, 176 N. W. 350; Lowery v. Hawker, 22 N. D. 318, 133 N. W. 918, 37 L.R.A.(N.S.) 1143.

In the instant case the petitioners challenge the probate and valid-

ity of the will in question on the second, third, and fourth grounds set forth in the statute, § 8649, supra. However, it seems to us that it will not be necessary in determining this appeal to consider the challenge on the ground that some jurisdictional fact was wanting in the former probate. It is enough to say that the petitioners by their contest submitted to the jurisdiction of the court and asked for a determination as to the validity of the will.

In support of the second ground of contest relied upon by the petitioners, after alleging that they were not parties to the former proceeding and that no notice or citation of any kind therein was served upon them, they set out that evidence discovered since the probate of the will shows that the testator was not competent at the time of its alleged execution. In that behalf they allege that Robert J. McKee was then of unsound mind and memory and so feeble and sick mentally and physically that he was unable to reason and will intelligently; that he did not know the extent and character of his property; that he was not mindful of the natural objects of his bounty and could not appreciate the character of the act of executing a will. These allegations are sufficient as against demurrer. Re Kilborn, 158 Cal. 593, 112 P. 52. They are statements of fact. If they are established there was no valid will. The demurrer admits them. It also admits another essential matter—that these facts are shown by evidence discovered since the probate of the will.

But the respondents urge in this regard, as well as with respect to the third ground of contest on which petitioners rely, that these questions as to the competency of the testator and the execution and attestation of the will were raised, considered and determined at the time of the original probate and the will was held to be valid; that in passing upon the sufficiency of the petition in the instant contest the county court could and did, and thereafter the district court and this court as well can and should, take judicial notice of what was had and done with respect to that probate, pursuant to § 7937, Comp. Laws 1913, which provides:

"No evidence of any fact of which the court will take judicial notice need be given by the party alleging its existence, but the judge upon being called upon to take judicial notice thereof may, if he is unacquainted with such fact, refer to any person, document or book

of reference for his satisfaction in relation thereto, or may refuse to take judicial notice thereof unless and until the party calling on him to take such notice produces any such document or book of reference.

"Courts will take judicial notice of the following facts:  ·

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"13.    Of all prior proceedings in the case pending.

"14.    That the case before the court had connection with one formerly decided by it.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"19.    Of its own records and judgments.
.    .    .    .    .    .    .    .    .    .    .    .    .    ."

So the respondents insist that since these matters were all put in issue, considered and determined in the original probate proceeding they cannot be raised again as grounds therefor in the instant contest. We think, however, that this is not the case. This is a direct attack on the former probate. Page, Wills 2d ed. §§ 526, 621. The petitioners herein were not parties to that proceeding. They had no notice of it. But even though they had notice of that proceeding and were parties to it they could maintain this contest under § 8649, supra, since they predicate it on evidence discovered since the probate of the will. In any event, the court here is confined to the record before it in its consideration of the questions raised by the demurrer to the petition. Those questions are questions of law and not of fact. The record on this appeal consists only of the petition, the demurrer, and the orders from which the petitioners appeal. Other than as alleged in the petition what actually took place in the original proceeding in the county court cannot be considered at this time. The statute, § 7937, supra, controls as to those matters of which a court will take judicial notice. Its purport is merely that while a court may take judicial notice of those matters and things therein enumerated, it will do so only when requested and when they are relevant to some matter in issue. The purpose behind the theory of judicial notice is to relieve the party who requests it from proof; and he must request it. The wording of the statute makes this plain. In the instant case there is no dispute as to the facts. They are admitted by the demurrer. There is no occasion for proof so there is no occasion for the court to take judicial notice. See Amundson v. Wilson, 11 N. D.

193, 91 N. W. 37. See also Estudillo v. Security Loan & T. Co. 149 Cal. 556, 87 P. 19; Re Kearney, 13 Cal. App. 92, 109 P. 37; Thayer v. Honeywell, 7 Kan. App. 548, 51 P. 929; Daniel v. Bellamy, 91 N. C. 78; Oliver v. Enriquez, 16 N. M. 322, 117 P. 844, Ann. Cas. 1913A, 140; Murphy v. Citizens' Bank, 82 Ark. 131, 100 S. W. 894, 11 L.R.A.(N.S.) 616, 12 Ann. Cas. 535, and cases cited in notes; 5 Wigmore, Ev. §§ 2565, et seq.

What we have said above applies also with respect to the third ground of contest relied upon by the petitioners, to wit: that the alleged will of Robert J. McKee was not duly executed and attested. In this behalf, petitioners allege that the newly discovered evidence shows that the will, a copy of which is attached to and made a part of the petition, was not subscribed at the end thereof by McKee; that his purported signature appearing thereon was not placed thereon by another in his presence and by his direction but was affixed by the respondent Buck of his own motion and that Buck made a cross mark thereon and wrote the words "his mark" on his own motion and not at the request of McKee; further, that the names of the witnesses appearing in the attestation clause at the bottom of the will were not subscribed at the request of McKee and at the time they were written McKee had no conception of what was being done and was incapable of directing the witnesses to attest the same. These allegations are allegations of fact. The demurrer admits them. If they are established there was no will. Comp. Laws 1913, § 5649; Re Starke, ante, 178, 271 N. W. 131. Accordingly the petition was sufficient in this respect also.

Finally, the respondents contend that it appears on the face of the petition that a Final Decree in the matter of the estate of Robert J. McKee was rendered and entered in the county court whereby the estate was vested in the respondent Anna J. McKee as legatee after paying expenses incident to the probating; that this was a final adjudication; that accordingly no contest will lie pursuant to the provisions of section 8649 and the petitioners will have to seek a remedy, if any they have, in some other proceeding. We think, however, that this last contention cannot be sustained. It is true that a decree of distribution is a final determination of the rights of the parties to the proceeding in which it is entered. Sjoli v. Hogenson, 19 N. D. 82,

122 N. W. 1008, and is of equal rank with a judgment entered in any other court of record in the state. Fischer v. Dolwig, 29 N. D. 561, 151 N. W. 431. But the statute, § 8649, speaks for itself. Even if the property in an estate has been distributed pursuant to a decree of distribution, nevertheless this does not bar a timely contest, though if successful therein the contestants may have to go elsewhere to obtain the fruits of their victory. Re Walker, 160 Cal. 547, 117 P. 510, 36 L.R.A.(N.S.) 89; Thompson v. Samson, 64 Cal. 330, 30 P. 980; 3 Bancroft, Prob. Pr. § 1173.

Order reversed and case remanded for further proceedings in accordance with this opinion.

CHRISTIANSON, Ch. J., and BURR and MORRIS, JJ., concur.