[File No. 6594.]

IN THE MATTER OF THE ESTATE OF ROBERT J. McKEE, Deceased.

WILLIAM McKEE, JR., et al., Respondents, v. C. S. BUCK, JR., etc., et al., Appellants.

(285 N. W. 72.)

Opinion filed March 28, 1939.

*C. S. Buck, Jr.,* for appellants.

*Fredricks & Fredricks,* for respondent.

PER CURIAM. Appellants have applied to this court for an order directing the judge of the county court of Stutsman county, and the clerk of said court, to return to, and file in, the office of the clerk of the district court of Stutsman county a transcript of all documents used by the district court in the appeal from the said county court to the district court of Stutsman county in ·the above entitled matter, and further directing the judge of the district court of Stutsman county to order the said record so transmitted from the county court to be transmitted to, and filed in, the office of the clerk of the supreme court.

The appellees resisted the application for such order on the ground,. among others, that the appellants have acquiesced in the order of the district court from which the appeal is taken and that they have waived the right to appeal from such order. For the sake of brevity, the appellants will be referred to in this opinion as Buck et al., and the appellees will be referred to as McKee et al.

The facts necessary to an understanding of the questions presented, and which in our opinion are determinative of this appeal, are as follows:

McKee et al. instituted a proceeding in the county court of Stutsman county under § 8649, Comp. Laws 1913, to contest a will after probate thereof.

Buck et al. interposed a general demurrer to the petition. The county court sustained the demurrer. McKee et al. appealed to the district court which affirmed the order of the county court.

Thereupon McKee et al. appealed to this court. This court held that the petition stated facts sufficient to· constitute a cause of action for a contest of a will under said § 8649, supra, and reversed the order of the district court and remanded the case for further proceedings. Re McKee, 67 N. D. 504, 274 N. W. 601.

After remand the matter came on to be heard in the said county court on February 10th, 1938, and the county court made an order dismissing the proceeding to contest.

McKee et al. thereupon appealed to the district court. The matter was heard in the district court on October 20th, 1938, and the district court reversed the order of the county court by order dated and entered November 9th, 1938.

On November 12th, 1938, the cause and the record were remanded by the district court to the county court.

On November 16th, 1938, the county court entered an order and decree vacating the former probate of the last will and testament in controversy, and revoked the letters testamentary that had been issued, and further determined that the will in controversy is invalid and that same has not been proven to be the last will and testament of Robert J. McKee, deceased.

On November 22d, 1938, Buck et al. filed an application for a rehearing under § 8595, Comp. Laws 1913. Such application was argued before the county court on December 7th, 1938, and on December 31st, 1938, the county court entered an order denying the application for a rehearing. In such order, the county court held that it had power to entertain the petition for rehearing, but that upon the record no excusable mistake or neglect had been established within the meaning of the said § 8595, Comp. Laws 1913.

Thereafter, on January 5th, 1939, Buck et al. appealed to the supreme court from the order of the district court entered November 9th, 1938.

Upon this record the question arises whether Buck et al. are entitled to appeal to this court, or whether the right of appeal has been waived. It would be a needless and idle ceremony to cause the record to be transmitted if there is nothing to review. If there is no right of appeal, there is no valid reason for causing the record to be transmitted by the county court. State v. Fortune, 29 N. D. 289, 150 N. W. 926. The law neither does, nor requires, idle acts. Comp. Laws 1913, § 7266.

We are of the opinion that the right to appeal from the order of the district court entered on November 9th, 1938, was waived. The application for rehearing in the county court discloses that Buck et al. sought opportunity to introduce the testimony of certain witnesses, if a further hearing were to be had in the county court. There was a clear and unmistakable recognition that the county court had jurisdiction and the right to proceed upon the remand. There was no claim that the record had been improperly or improvidently remanded by the district court to the county court. The application for a rehearing was based on the contrary theory, namely, that the cause was then properly pending in the county court and that that court had jurisdiction to

vacate the decree entered upon the remand and to conduct a hearing,— to hear the testimony of witnesses and to determine, upon proofs to be adduced, whether the will was valid and entitled to be admitted to probate, or whether the probate should be set aside. The appeal from the decision of the district court was not taken until after these proceedings had been had and a decision rendered in the county court.

Buck et al. claim that the case falls within the rule of McCann v. Gilmore, 42 N. D. 119, 172 N. W. 236. The question in that case was whether a party against whom a judgment had been rendered waived his right to appeal from the judgment by moving for a new trial. This court held that a motion for a new trial and an appeal from the judgment are independent remedies and that a party who has submitted a motion for a new trial does not thereby waive his right to appeal from the judgment; but, it was pointed out in that case that a different situation would be presented if a motion for a new trial were made after an appeal from judgment has been taken. In McCann v. Gilmore there were available to the defendant two independent remedies for attack upon the judgment: (1) motion for a new trial, and, (2) appeal from the judgment. The party against whom the judgment had been rendered moved for a new trial. After that motion had been submitted, but before it had been decided and before the time for appeal from the judgment had expired, he appealed from the judgment. The question was whether the appeal from the judgment divested the district court of jurisdiction to determine the then pending motion for a new trial. In that case there was no inconsistency in the position taken by the defendant. Both the motion for a new trial and the appeal challenged the correctness of the judgment. There was no acquiescence in the judgment or recognition of its correctness. In this case the situation is quite different. The district court, after rendering its decision, caused the record to be remanded to the county court. That court, in conformity with the construction which it placed upon the decision of the district court, rendered its decree. There was no claim that the record should not have been returned to the county court; there was no claim that the record had been sent to the county court improperly or improvidently; there was no challenge of the county court's jurisdiction; there was no request, demand, or suggestion that the record be returned to the district court. On the contrary, Buck et

al. accepted the situation as it then existed. They recognized the cause as properly pending in the county court; they submitted an application to the county court and invoked that court's jurisdiction; and after a decision, had been rendered upon their application, they proceeded to appeal from the prior decision of the district court. This they may not do. A party who voluntarily acquiesces in or recognizes the validity and propriety of a judgment, order or decree against him, or takes a position inconsistent with the right to appeal therefrom, thereby impliedly waives his right to have such judgment, order or decree reviewed by an appellate court. 4 C. J. S. p. 396, § 212; Security Nat. Bank v. Brademeyer, 63 N. D. 776, 250 N. W. 22.

The application is denied.

NUESSLE, Ch. J., and CHRISTIANSON, MORRIS, BURR, and BURKE, JJ., concur.