The county court of Stutsman county set aside the probate of a will, and later, by order denied a petition for a rehearing of the proceeding. The district court reversed this order, and an appeal is taken from the order of the district court.
This controversy is no stranger to the records of this court. It follows a somewhat sinuous course throughout the courts, and a brief statement *Page 68 
of its salient features, in chronological order, is necessary for an understanding of the matters presented on this appeal.
In 1934 Robert J. McKee, a resident of Stutsman county, died, leaving some estate. An instrument purporting to be his will was presented to the county court and was admitted to probate in December, 1934. In October, 1935, the estate was closed and the executor discharged.
Some time later certain petitioners appeared in the county court to contest the will after probate. The county court sustained a demurrer to the petition and the district court affirmed the county court. The petitioners then appealed to this court from the order of the district court, and this court reversed, holding that the petition did state facts sufficient to constitute a cause of action for a will contest. Re McKee,67 N.D. 504, 274 N.W. 601. These petitioners are hereafter designated as McKee, and the proponent of the will as Buck, in conformity with designations made in former cases.
When the matter went back to the county court, a hearing was had and that court dismissed the contest proceedings, and McKee appealed to the district court. On November 9, 1938, the district court reversed the order of the county court and remanded the record to that court.
When the matter was returned to the county court, it entered an order and decree on November 16, 1938, vacating the probate of the will, revoking the letters testamentary, and holding that the will in controversy was invalid. Thereupon, on November 21, 1938, Buck applied to the county court for a rehearing on the ground that through accident, surprise and excusable neglect at the original hearing, he had failed to furnish proof now available. The county court denied this application on December 31, 1938.
Buck thereupon appealed to this court from the order of the district court made November 9, 1938, and applied for an order directing the county court to return the files and documents in this matter to the district court, and directing the district court to transmit these to this court as a part of the record on appeal. This application was denied. See Re McKee, 69 N.D. 203,285 N.W. 72.
The matter then came before the district court upon an appeal from the order of the county court denying the rehearing. In his memorandum opinion, the trial judge partially reviews the proceedings, stating: *Page 69 
"No good could come out of a lengthy discussion of the former appeal. It is enough for this court to say that it was of the opinion that the case was not tried on its merits. The parties did not have their full day in court. Through controversy, charges and counter charges, the issues were lost sight of, and both sides took too much for granted, and the county court as well. In reversing the county court on the former appeal, it was my thought that the interest of justice required that the proponents of the will, in view of the direct charges made in the petition, and the manner of its execution, should have offered some affirmative proof, in keeping with the statute, to meet the proof of the contestants. The court, however, in reversing the county court failed to reverse `with such directions as may be necessary or proper respecting the decree or order to be entered in the county court,' as provided by § 8619, Comp. Laws 1913. This should have been done. . . . Having come to the conclusion on the former appeal that the record made in the county court was not only faulty but that it would not be upheld by the supreme court, I thought it best to reverse the case and thus enable the parties to fully and fairly present their respective sides to the county court."
The district court, therefore, entered this order reversing the decision of the county court, and directing that Buck's application for rehearing be granted. It is from this order that McKee takes this appeal.
The appellant sets forth five specifications of error, to wit: The court erred in failing to sustain the motion to dismiss the appeal to the district court on the ground that no proper specifications of error were attached or served with the notice of that appeal, and that the attempted specifications are too general and fail to point out any error; that the district court erred in reversing the decision of the county court on the ground that the decision of the county court was in strict compliance with the decision of the district court, and that the decision of the county court was based upon such decision and its correctness has not been questioned; in two specifications, he alleges that the court permitted his recollection of what he deemed to be the issues of the former appeal to control his decision in this case instead of basing his decision strictly upon the record of remand, and despite whatever accuracy there may be in the court's recollection of what ought to have *Page 70 
been included in the order of remand, the record speaks for itself and is not vulnerable to attack; and that the grounds upon which Buck sought a rehearing in the county court are shown by the record not to exist.
Despite the apparent contusion in procedural matters, we may arrive at the real issue by a short statement of uncontested facts. After the estate was closed, the matter of setting aside the probate came before the county court. At that time Buck took the position that the proof offered by McKee was insufficient to sustain the contest, largely based upon the theory that the burden of proof was upon McKee, and this was the theory of the court, uncontested by McKee, though not specifically admitted. In his brief here, McKee says he "yielded to the court's statement" of the correct order of proof.
When the district court reversed the county court in its order dismissing the contest, no directions were given to the county court as to further proceedings, and the county court, in accordance with its interpretation of the order of the district court, declared the will invalid and annulled the probate. Buck insisted upon a rehearing in order to present proof showing the validity of the will, and from the refusal of the county court to permit this, appealed to the district court. On this appeal the county court was reversed, and thus the county court was required to rehear the contest of the probate upon its merits which necessarily would permit Buck to introduce further proof showing the validity of the will. We are now required to determine whether the district court erred in requiring the county court to hear the case on its merits.
As stated by the district court in its memorandum opinion, it does appear as if the real issues had been lost sight of through the multitude of motions and other proceedings.
The first main contention of the appellant deals with objections to the specifications of error attached to Buck's notice of appeal from the order of the county court. The county court, when the matter of the contest of the probate first came before it for hearing, announced its theory that the burden of proof was upon McKee. Buck offered some proof and the county court dismissed the contest. The district court reversed this order as we have shown before.
Section 8619, Compiled Laws of 1913, sets forth procedural *Page 71 
matters for the guidance of the district court on such appeal and prescribes that "the court shall give its decision accordingly, affirming or reversing the decree or order appealed from or reversing in part and affirming as to the remainder, with suchdirections as may be necessary or proper respecting the decree ororder to be entered in the county court."
On this appeal it is claimed, in specifications 2 and 3, that the district court, not having given directions to the county court what to do, was in error in now depending upon its recollection as to what was intended in the order. When the case was remanded to the county court without "such directions as may be necessary or proper," the county court took it for granted that the effect of the order was not only to reverse his decision, but also to require an order upholding the contest. The county court, therefore, by entering this order, decided there was nothing for it to do except to uphold the contest. Upon the issues raised by the motion for rehearing, the county court held that despite the theory adopted at the hearing of contest in the county court, there was enough in the record to apprise Buck of the necessity to furnish further proof to combat the contest, and therefore, he could not be heard to say later that he was taken by surprise or that there was excusable neglect. The court, therefore, denied the application.
The district court, in determining the former appeal, did not order the county court to revoke the probate, and therefore, did not prohibit that court from entertaining any application for rehearing subsequently made. That was a new matter presented to the county court. Thus the district court entertained the appeal and decided the county court was wrong in not granting the rehearing.
This application for rehearing was based upon a showing of alleged accident, excusable neglect and mistake. It was the province of the district court to determine whether the appeal was properly before it, and, if so, whether the county court should have granted the rehearing. On this appeal, therefore, we pass upon both points.
We determine the specifications of error in Buck's appeal from the order denying the rehearing were sufficient to permit the district court to pass upon the merits of the appeal. The specifications are as follows:
"First: That the county court erred in entering its order refusing to grant a rehearing to the respondents upon the showing made. *Page 72 
"Second: The court erred in finding and holding that no sufficient grounds had been produced by respondents to entitle them to a rehearing as provided by law."
Certainly these were sufficient to apprise the district court of the issues that were raised on the appeal.
The other issue before us is whether the district court erred in holding the rehearing should have been granted. In passing upon this point, the district court held there was a sufficient basis for a rehearing and so decided. As is stated in Bender v. Bender, 64 N.D. 740, 742, 256 N.W. 222, 224: "While the findings of the district court are contrary to the findings in the county court, . . . this appeal is from the decision of the district court. Thus the findings of the district court are entitled to the weight and consideration attached to the findings of the trial court, though contrary to the findings of a lower court who saw and heard the witnesses."
We need not go fully into the case. Here was an estate that had been probated, the estate closed, and the executor discharged. The property involved had been distributed. McKee made a strong showing for setting aside the probate; but the regularity of the probate proceedings should not be questioned lightly, and Buck, under the theory of the original contest, may not have been as thorough and complete in defending the probate as otherwise he might have been. The county court held with him at that time. Clearly, the district court felt that the interests of justice required that the county court, when it found its order dismissing the appeal was erroneous, should have considered Buck's application to furnish more proof, and that his failure to furnish such proof beforehand was excusable neglect. Unless the discretion exercised was not a judicial discretion, the district court should not be reversed. We are satisfied, upon a review of the whole record, that the district court was acting within its jurisdiction, that in the exercise of a sound discretion, it had sufficient basis for holding a proper showing was made and that the interests of justice required a rehearing. Therefore, the order of the district court appealed from is affirmed.
NUESSLE, Ch. J., and MORRIS, CHRISTIANSON, and BURKE, JJ., concur. *Page 73